**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY HOBAN, SR.,

              Plaintiff,

v.                                Case Number: 06-13142

WBNCC JOINT VENTURE, d/b/a WEST      HON. MARIANNE O. BATTANI
BLOOMFIELD NURSING &
CONVALESCENT CENTER,

              Defendant.

_____/

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) AND 56(b)

      Before the Court is Defendant WBNCC d/b/a West Bloomfield Nursing & Convalescent Center, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to FED.R.CIV.P. 12(b)(6) and 56(b) (Doc. No. 7). The Court heard oral argument on February 28, 2007. At the conclusion of the hearing, the Court took this matter under advisement. For the reasons that follow, the Court **GRANTS** Defendant's motion.

## I. INTRODUCTION

      Plaintiff began working for Defendant on June 1, 1999. He was promoted routinely, and by the end of 2000, Plaintiff became a maintenance supervisor. His most recent job title was Maintenance Director.

      On July 1, 2005, after Plaintiff received a call at work that his brother had died, he left for the day. Plaintiff was not scheduled to work July 2 through July 4, 2005. He received bereavement leave for the fifth through the seventh of July.

According to Plaintiff, he contacted his acting supervisor (and son), Jeremy Hogan, before the start of his shift on July 8, 2005, and made it clear that he would not be at work that day.  Plaintiff also left two phone messages for Susan Taylor, a supervisor and administrator.  According to Plaintiff his mental, psychological and emotional state on July 8, 2005, prevented him from performing his job.  Linda Expose, Assistant Director of Nursing, wrote a phone message of the phone call she received from Plaintiff on July 8, 2005.  The message reads:

> Spoke with Larry on phone.  States he was going to call at 8 a.m. but "didn't have time," called and left message for Susan at 4:30 p.m., left message for writer @ 5:30 p.m. states he has had "difficulty with brother's body," "state is involved," "had to get a lawyer," "had to pay $1600." Asked, is "Susan pissed?"  Stated he will be in to work on Monday morning. Said Jeremy was supposed to tell someone this morning.

Def.'s Ex. C.

Plaintiff returned to work on July 11, 2005.  He requested paid time off for bereavement, and Bob Park, the Administrator, signed and approved Plaintiff's request for paid bereavement leave of three days as was allowed under the policy manual. Later that day, Plaintiff had an emergency dental procedure.  Hoban  advised Bob Park of his appointment.

When Plaintiff returned to work on July 12, 2005, he was terminated.  Thereafter, Plaintiff filed a complaint in Oakland County Circuit Court, claiming Defendant terminated him in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. Defendant timely removed the action to this Court.

## II.  STANDARD OF REVIEW

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) must be denied "unless it

appears beyond doubt that the plaintiffs can prove no set of facts in support of [their] claim which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993); In re Delorean Motor Company, 991 F.2d 1236, 1240 (6th Cir. 1993). When resolving a Rule 12(b)(6) motion, the court may neither weigh evidence nor assess the credibility of witnesses, but must view the evidence in the light most favorable to the nonmovant. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir. 1990). All factual allegations in the plaintiffs' complaint are deemed true and any ambiguities must be resolved in plaintiffs' favor. Jackson v. Richards Medical Co., 961 F.2d 575, 577 (6th Cir. 1992).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As the United States Supreme Court has ruled:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir.

3

2002).  "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to  support the nonmoving party's case."  Celotex, 477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue.  FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002).  "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."  Anderson v. Liberty Lobby Inc., 477 U.S. 242,  256 (1986).  The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.  See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties."  Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)).  To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50.  "No genuine issue of material fact exists when the

4

'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" <u>Michigan Paytel Joint Venture v. City of Detroit</u>, 287 F.3d 527, 534 (6th Cir. 2002) (<u>quoting</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)).  The evidence itself need not be the sort admissible at trial.  <u>Tinsley v. General Motors Corp.</u>, 227 F.3d 700, 703 (6th Cir. 2000).  However, the evidence must be more than the nonmovant's own pleadings and affidavits.  <u>Smith v. Campbell</u>, 250 F.3d 1032, 1036 (6th Cir. 2001).  The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant.  <u>Anderson</u>, 477 U.S. at 252.

## III.  ANALYSIS

The parties dispute whether Plaintiff's termination violated FMLA.  To "balance the demands of the workplace with the needs of families," the FMLA permits eligible employees to take up to twelve weeks unpaid leave in any twelve-month period for qualifying medical or family reasons.  29 U.S.C. § 2601(b).  An occurrence of "[a] serious health condition that makes the employee unable to perform the functions of the position of such employee" constitutes a qualifying medical reason.  29 U.S.C. § 2612(a)(1)(D).

Two regulations relevant to the statute serve as the basis for Defendant's motion.  The first concerns notice to the employer; the second concerns what constitutes a serious health condition.  More specifically, the parties dispute whether Plaintiff provided Defendant with enough information about his illness to alert Defendant to the fact that his request for bereavement leave was really a request made pursuant to the FMLA.  The parties also dispute whether Plaintiff suffered from a "serious health condition,"

5

sufficient to invoke the FMLA.  Each is discussed below.

### 1. Notice to Defendant

An employee must furnish notice to his employer of the need for FMLA leave.  29 C.F.R. § 825.303.  To invoke the protection of the FMLA, the employee need not specifically assert his rights under the FMLA, or even mention the FMLA.  Rather, he may simply inform his employer that leave is needed, and the employer must then determine whether that time off is covered by the FMLA.  29 C.F.R. § 825.303(b); see also Hammon v. DHL Airways, Inc., 165 F.3d 441, 451 (6th Cir. 1999) ("[o]nce an employer is given notice that an employee is requesting leave for a FMLA-qualifying reason, the employer bears the obligation to collect any additional information necessary to make the leave comply with the requirements of the FMLA.")

There is no dispute that the employee must first provide the employer with enough information about the illness to alert the employer of the possible involvement of the FMLA.  What the parties do not agree upon, however, is what constitutes "enough" information.  Hoban contends that his assertion that he was a "nervous wreck" is sufficient.  Defendant maintains that Hoban never gave any indication that his health was an issue.  For example, in his Complaint, Plaintiff asserts, "Upon informing his employer of his brother's demise, Plaintiff  went out on an approved [bereavement] leave pursuant to the Family Medical Leave Act.  Plaintiff followed the defendant's policy and notified his supervisors regarding his leave, taking three bereavement days and an extra day for burial arrangements."  Def.'s Ex. 1, Compl. at ¶¶ 17, 18.  Any mention of Plaintiff's physical and mental states is noticeably absent in his Complaint and in his messages to his employer on July 8, 2005.

6

Under the relevant caselaw, an employee must do more than simply call in sick to work in order to invoke the FMLA.  The Sixth Circuit has held that "[a]n employee gives his employer sufficient notice that he is requesting leave for an FMLA-qualifying condition when he gives the employer enough information for the employer to reasonably conclude that an event described in FMLA § 2613(a)(1) has occurred."  Hammon, 165 F.3d at 451.  Therefore, although "the employee need not actually mention the FMLA by name,  '[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.'"  Brohm v. JH Prop., Inc., 149 F.3d 517, 523 (6th Cir. 1998) (quoting Manuel v. Westlake Polymers Corp., 66 F.3d 758, 764 (5th Cir. 1995)).

Given this standard, there is no genuine issue of material fact with respect to whether Plaintiff provided Defendant with enough information to reasonably apprise it that his request to take time off was for a serious health condition.  He asked for bereavement leave.  He called in to say he was in no condition to work.  This comment alone fails to put Defendant on notice that Plaintiff was suffering from a "serious health condition."

Plaintiff's reliance on Stubl v. T.A. Sys., Inc., 984 F.Supp. 1075 (E.D. Mich. 1997), to support his position is misplaced.  In Stubl, the employee notified his employer in writing of his inability to work after the sudden death of his son.  There, the court found that the employee's note, which read "I am taking this leave of absence based on my personal loss caused by the death of Keith Jr. *with regards to my personal health*," was sufficient to put the employer on notice that plaintiff's leave qualified under the

7

FMLA.  Id. at 1086 (emphasis added).  The ongoing communication between the employee and employer, in addition to the content of the employee's note, distinguishes Stubl from the facts at hand.

Plaintiff's own words, as reflected in the voice mail message he left for Susan Taylor shows his health was not the issue.  "I'm calling to let you know that I'm taking care of personal needs with my brother's body.   We're having a hard time getting his body.  I've got to come up with $1600 to pay off some debts with(sic) him. If there's a question or problem, please give me a call."  See also Pl.'s dep. at 44-45.  Plaintiff failed to provide sufficient notice here.   See Collins v. NTN-Bower Corp., 272 F.3d 1006, 1008 (7th Cir. 2001) ("'Sick' does not imply a 'serious health condition.'")

In the alternative, Plaintiff correctly notes that under the law, even if his initial phone conversation did not provide sufficient notice of his possible FMLA claim, he still had two business days after returning to work to give Defendant the FMLA-qualifying reasons for his absence.  Under 29 C.F.R. 825.208(e)(1),

> Employers may not designate leave as FMLA leave after the employee has returned to work with two exceptions:
>
> (1) If the employee was absent for an FMLA reason and the employer did not learn the reason for the absence until the employee's return (e.g., where the employee was absent for only a brief period), the employer may, upon the employee's return to work, promptly (within two business days of the employee's return to work) designate the leave retroactively with appropriate notice to the employee.

Even under this standard, Plaintiff cannot show the existence of a genuine issue of material fact.  He returned to work and completed a request for bereavement leave. There is no evidence that he alerted his employer that he was in no condition to work because of his own physical and mental health during the time he was absent from

work.  Although Plaintiff maintains that he was in no condition to work on July 8, he did not provide information to put his employer on notice that he was in need of FMLA. Accordingly, Plaintiff has failed to provide adequate notice as a matter of law.  Even if he had, he cannot sustain his burden to show the existence of a genuine issue of material fact relative to the qualifying nature of his health condition.

### 2.  "Serious Health Condition"

A "serious health condition" is defined, in part, as an illness or impairment that requires continuing treatment by a health care provider, 29 U.S.C. § 2611(11)(B), and involves "a period of incapacity requiring absence from work. . .of more than three calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves. . .treatment two or more times by a health care provider..."  29 C.F.R. § 825.114(a)(2)(i)(A).  According to 29 C.F.R. § 825.114(c), "mental illness resulting from stress may be a serious health condition," but only if all the conditions articulated in the regulation are met.  Moreover, the Senate Report on the FMLA reflects that "the term 'serious health condition' is not intended to cover short-term conditions for which treatment and recovery are brief.  It is expected that such conditions will fall within even the most modest sick leave policies. [E]xamples of serious health conditions include but are not limited to heart attacks, heart conditions requiring heart bypass of [sic] valve operations, most cancers, back conditions requiring extensive therapy or surgical procedures, strokes, severe respiratory conditions, [etc.]." S.Rep. No. 103-3, at 28-29, reprinted in 1993 U.S.C.C.A.N. at 30-31.

According to Plaintiff, he clearly suffered from a "serious health condition" within the meaning of the FMLA.  It is uncontested that Plaintiff did not work for four days;

however, the reason for his absence was the death of his brother.  Even though a mental condition can constitute a serious health condition, here, Plaintiff merely stated that he was a nervous wreck.  His own assessment of his condition is minor as compared to those impairments that are listed in 29 C.F.R. § 825.114(c).  Finally, Plaintiff did not seek any medical attention for his condition.  Although he argues he did not have medical insurance, he was a covered employee during the relevant time frame, with medical insurance, and his insurance remained in place for a period of time following his termination.

Plaintiff's assertion that he was unable to work is also undercut by the fact that he returned to work the following day and apparently was able to perform his duties until he left for a dental appointment.  Plaintiff  was not entitled to any FMLA leave because of the death of his brother, and he has not established a serious medical condition resulted from his brother's death.  See Barone v. Leukemia Soc. of Am., 42 F.Supp.2d 452, 460 (D. N.J. 1998) (citing Sharpe v. MCI Telecomm. Corp., No. 5:97-580, 1998 WL 567947, at *5 (E.D.N.C. Aug. 25, 1998) (holding that employee's two-week absence from work following the death of her mother did not qualify as FMLA leave)).  See also Lange v. Showbiz Pizza Time, 12 F.Supp.2d 1150, 1153-54 (D. Kan.1998) (finding that bereavement leave which arose following the death of employee's mother is not protected by the FMLA); Beal v. Rubbermaid Commercial Prod., Inc., 972 F.Supp. 1216, 1226 (S.D. Iowa 1997) (finding that FMLA leave does not cover bereavement).

In sum, despite the fact that Plaintiff was aware of his FMLA rights, he failed to notify Defendant of his need for FMLA leave.  Instead, Plaintiff requested bereavement leave, which he received.  Bereavement leave does not qualify as FMLA leave.  Accordingly. no violation of FMLA occurred in this case.

**V.  CONCLUSION**

For the reasons stated above, Defendant's Motion for Summary Judgment is

**GRANTED**.

Plaintiff's Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2007


**CERTIFICATE OF SERVICE**

A copy of this Order was mailed to Scott E. Combs, Stephen E. Glazek,  and Tiffany L. Robinson on this date by ordinary mail and/or electronic filing.


s/Bernadette M. Thebolt
Deputy Clerk